Good morning. May it please the court, my name is Jose Bracamonte. I am the attorney for Mr. Jesus Aaron Cazarez-Gutierrez, the appellant in this case. This case involves a primary question of whether a state felony drug conviction constitutes a drug trafficking crime and therefore an aggravated felony under the Immigration and Nationality Act, even though that same offense, if prosecuted under federal law, could only be considered a misdemeanor. Now, the petitioner was convicted in Arizona of possession of dangerous drugs, a felony for which he was sentenced to 2.5 years. He was charged by then Immigration Naturalization Service as being removable as a person convicted of a controlled substance offense. Petitioner conceded removability and applied for cancellation under the Immigration Nationality Act. Cancellation was granted and that grant was appealed to the Board of Immigration Appeals. While at the Board of Immigration Appeals, the BIA issued its decision in the Yanis Garcia case. In that decision, it broke from what it had described as the hypothetical felony rule. It broke from 12 years of holding Davis Barrett, a position, the Davis matter of Barrett and held that a state classification of an offense as a felony was sufficient to make it an aggravated felony irrespective of its potential treatment under federal statutes. Now, the petitioner intends that the Yanis decision is premised on an incorrect interpretation of 8 U.S.C. 924C2. The Immigration and Nationality Act defines aggravated felony for our purposes under section 101A43 capital B. That section itself refers us in part to a drug trafficking crime as defined under 924C2. Now, 924C2 itself then refers us to 21 U.S.C. 801. All of that is perfectly clear and correct. The fundamental error we believe the Board commits in this case is then using 21 U.S.C. 802 subsection 13 as the definitional source of what constitutes a drug trafficking crime. Why? Why is that incorrect? Well, a number of reasons, but two essential reasons. One, 802 subsection 13 does not describe a substantive offense. It only describes classification of offenses for prior criminal history for enhancement purposes. So it does not in light of the decisions of this court in Corona Sanchez, in Robles Rodriguez, and more recently in the Ballesteros-Rees case, which dealt with guideline definition. The confusion here comes from the fact that the same definition is referenced in the sentencing guideline. Using the exact same words with regard to aggravated felony, how do we interpret it one way with regard to sensing and another way with regard to removal? Well, first of all, let me say I'm not so sure you need to in light of those decisions, but let me answer your question. The Supreme Court has long recognized that the purpose of sentencing guidelines dealing with criminal recidivists is distinct from congressional pronouncements on whether an alien is removable or not. They have two different histories, two different purposes. So one, you absolutely could do it. But if I may then follow up on the question, say I'm not sure that you need to do that. Why? Because if the teaching of Ballesteros-Rees or Corona Sanchez and his progeny is that enhancements will not be used, we look at the crime itself, enhancements will not be used to calculate a sentence for the determination of an aggravated felony, it seems illogical and incoherent for the court then to use an enhancement definition as the content or substantive content of what is a drug trafficking crime. And there's some additional problems with the use of that. First of all, as I mentioned, Yanis is a break from a previous 12-year board position on the hypothetical felony rule, saying that the offense charged by the state must be in part chargeable as a felony under federal statutes. Now, why is that important? The board followed the Fifth Circuit, didn't it? Pardon me? The board followed the Fifth Circuit. Yes, sir. And Hernandez-Avalos. Yes, sir. Which, by the way, is the only circuit, irrespective of what the brief says, that has dealt with this issue in the criminal – I'm sorry, that has dealt with this issue in the immigration context and not in the guidelines, where they cite a majority position, but a majority position dealing with guideline cases. And I'm not sure – they also cite – But that second and third reach the opposite. That's correct, Your Honor. Are there any other circuits? Not to my knowledge, Your Honor. The majority is two to one. Yes, sir. Yes, sir. But by calculation, that is correct. And especially I would refer the Court to – I'm sure they're already aware – to the Gerbeier decision in the Second Circuit, in which a very extensive analysis of this issue was made. And I think there's two salient points from that decision that are worth mentioning. One is the fact that the Board in Yandex basically throws up its hands on the uniformity concern. It says it's not reachable. We're not going to be able to reach it. And God knows they're probably right. It's not reachable. But it does not relieve us of the obligation of seeking some base standard, some baseline for determining what offenses may or may not be considered aggravated felonies. So, yes, it's very difficult and perhaps cannot be reached. But we're still under constitutional obligation to seek – to work towards that. And I think the hypothetical felony rule at least provides a base for that analysis. Second of all, the legislative history. Obviously, the Board can change its position on many questions of law. But it has no particular expertise on the definition of these statutes. That rests with yourselves. And there's nothing in the legislative history, especially the Illegal Immigration Reform Act, the IRA 1996, which the Congress went very specifically through many BIA decisions and specifically mentioned them and changed them. There was no mention of any change or any concern with the hypothetical felony rule. And so there's nothing to indicate – Do you have any deference to the interpretation of the Board of the meaning of that provision of the Act? Not when it is referenced to – not when it's using a criminal section of which it has no particular expertise to provide the definitional content of that term, no, sir. That's my opinion. No, but you just – you said a little while ago that we should treat the immigration different from the criminal area. Yes, sir, we should. And they're treating it in the immigration area. So they have expertise in the immigration area, don't they? Yes, sir, they do. But nevertheless, they do have expertise in the immigration area. But the term aggravated – but what they have done in Yannis by their own terms is used federal guideline decisions, labeling it the majority position, and used it to reference if that's the basis of their decision. And so our position is that based on the need for uniformity, based on the fact that enhancements are being eschewed as statute, both in the calculation of time, that we should not use an enhancement definition to give content and meaning to what is a drug trafficking crime. And uniformity is still a concern and must We believe that the decisions by the Second and Third Circuit, especially the Third Circuit decision in Gerbeyer, represent the more reasoned position, and I think especially in light of the fact of the guideline decisions recently issued by this court. And with that, I submit.  Thank you. If it may please the court, Anthony Payne on behalf of the Department of Justice. The question before this court is not the review of the board's decision. The question before this court is its determination of jurisdiction in light of 8 U.S.C. 1252 A2C. There is no question that Mr. Cazares-Gutierrez's conviction is a controlled substance violation pursuant to 8 U.S.C. 1227 A2B. Therefore If it's a misinterpretation of the law, we certainly have jurisdiction to determine that, do we not? Well, arguably, Your Honor, this court has found that there's no jurisdiction over constitutional questions in light of 1252 A2C. So that would be a question best suited for a habeas court. However, in determining jurisdiction whether or not we have an appropriate basis for removal, do we not consider what the meaning of that statute is and the meaning of that particular phrase, aggravated felony? Yes, but it's not necessary in this case. But it doesn't have to be constitutional or not. It's just a question of whether they interpreted it right or wrong. Well, there is a valid basis for removal. There's no question petitioners have. And that's the very issue? And that's the same issue that determines our jurisdiction. If there's no aggravated felony, we can determine whether or not there's an aggravated felony, right? Well, it is the government's position that that is true. But in so doing, it's not reviewing the board's decision. It is determining its jurisdiction under 1252. Effectively, what the petitioner is asking is for this court to find that the board's prior decision before Yanez Garcia controls the reasoning of this court. And that is just not consistent. It's a question of whether they've interpreted the phrase correctly now. Well, isn't it the question, Your Honor, under 1252, whether or not the court has jurisdiction? That is irrelevant to what the board found. The board, this court, independently, I agree that the discretionary decision after we find that there is jurisdiction and find with regard to the meaning of that phrase, then they exercise discretion as something we don't have jurisdiction of. But we sure have jurisdiction to determine whether they've correctly interpreted that statute. Well, that's true, Your Honor. The government will concede that. Thank you. But in so doing, this court's precedent, all Yanez Garcia says is that the board will follow the precedent of the circuit from which the case derives. The precedent under this court makes it clear that Mr. Carzar Scuderi's conviction was for an aggravated felon. What makes that so fair? Because an aggravated felony is defined by 8 U.S.C. 1101A43 B, which uses the term drug trafficking crime as defined by 18 U.S.C. 924C2. This court has interpreted what that means in a sentencing guidelines case. That's the key. That's sentencing guidelines. But does that necessarily carry over to an immigration context? Well, this court has said that it has never said there's a difference between immigration and sentencing guidelines cases. But we really haven't ruled on the question before. Not specifically. But it's the government's position that there is no difference because in both cases, the court is interpreting the exact same language of the exact same statute. The court is simply interpreting the plain language of the statute. It does not matter whether or not it's for an immigration case or for a criminal case. Well, there's a whole different purpose behind it, too, isn't there? For a sentencing enhancement, it's one thing. It has to deal with recidivism and those considerations. Whereas if it's for immigration purposes and removal, we're dealing with trying to keep the federal law consistent, aren't we? And not dependent on what State A says a felony is, State B and so forth. We're trying to have one uniform basis for removal. Well, that's a decision for Congress to make. Congress has decided that it will use the criminal definition of a drug trafficking crime as a basis for removal. Where did Congress say that? Well, in providing in, because it made no change whatsoever in RIRA or ADEPA, which was then the board's position, Congress said nothing about that. We're changing that. That was the existing law at the time or the interpretation of law by the BIA. And if Congress really intended to do what you say, wouldn't they have said it either in ADEPA or RIRA? Well, respectfully, Your Honor, the board had it wrong previously in matter of KVD. Well, not according to the Second and Third Circuit. Well, and that was before Yanez Garcia. That was when the board was holding to KVD. In the Second Circuit, I believe. But when were the two statutes I mentioned passed by Congress? In 1996. And that was while the prior board interpretation was still in effect. Yes. Okay. But it's the government's position that the board has come to the realization that it is controlled by circuit precedent. You were trying to tell us that Congress had told us that the change had taken place, and that's the point that Judge Hugg is making. Now you're saying that the reason for the change was because some circuits had ruled otherwise. Which is which? Well, the government apologizes if it has been misunderstood. But the board made the change because in looking at the circuit's interpretation of 18 U.S.C. 924, it determined that the purpose of immigration uniformity was unavailing. So it decided that for immigration purposes, it would also just follow circuit interpretation of 18 U.S.C. 924, which clearly in this case renders Mr. Cazares Gutierrez's conviction an aggravated felon. That is so because he was sentenced to more than a year imprisonment under this court's decisions in Robles Rodriguez and in Valceros Ruiz. That is a definition of a felony for purposes of 18 U.S.C. 924C2. Given that, there's no question that the board properly interpreted 8 U.S.C. 1101A43B in finding him removable as an aggravated felon. Because he is removable as an aggravated felon, this court's jurisdiction is precluded by 8 U.S.C. 1252A2C. If there are no further questions, the government will submit. All right. Thank you, Mr. Payne. You have a little bit of time left. Do you want any rebuttal? Your Honor, let me point out that in this case, Mr. Cazares is not subject to removal. In fact, he was granted cancellation by the immigration judge. The only reason that that cancellation was in essence vacated and reversed was because they decided it was an aggravated felony. So it still turns on that statutory definition. Thank you very much. All right. Thank you. We thank both counsel. This case is submitted for decision. Next case on the argument calendar is United States versus Thomas.
judges: Hug, B Fletcher, Tashima